UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

_____
                                    )
In re:                              )
                                    )
PAUL FRANCIS,                       )
                                    )    Chapter 11
            Debtor                  )    Case No. 17-12708-FJB
_____ )

**UNITED STATES TRUSTEE'S
MOTION TO CONVERT DEBTOR'S
CHAPTER 11 CASE TO CHAPTER 7
(WITH CERTIFICATE OF SERVICE)**

The United States Trustee moves the Court to convert the chapter 11 case of Paul Francis to chapter 7 for "cause" under 11 U.S.C. § 1112(b)(4). Conversion is in the best interests of creditors and the estate.

**Introduction**

Mr. Francis has filed four bankruptcy cases since 1993. Three began as chapter 13s, including this case. Two of the 13s and a chapter 11 were dismissed.

Mr. Francis has spent more than one year in bankruptcy. He has never filed or confirmed a plan.

Mr. Francis filed this case 9 days after the Court dismissed his prior chapter 13. He converted it to chapter 11 after the Court observed that he wasn't eligible. 11 U.S.C. § 109(e) (prescribing debt limits for chapter 13 debtors).

The Court ordered Mr. Francis to file a disclosure statement and plan on or

before January 26, 2018. He didn't.

Mr. Francis has filed no monthly operating reports ("MORs") with the United States Trustee. He owes quarterly fees totaling at least $325.

"Cause" to convert exists under 11 U.S.C. § 1112(b)(4)(E) (failure to comply with an order of the Court), (H) (failure to provide information reasonably requested by the United States Trustee), (J) (failure to file a disclosure statement and plan by a Court-ordered deadline), (K) (failure to pay any fees and charges required under chapter 123 of title 28) and, separately, for delay. Conversion is in the best interest of creditors and the estate under 11 U.S.C. § 1112(b)(1).

In support, the United States Trustee states:

**JURISDICTION, VENUE AND LEGAL BASIS FOR RELIEF**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

3. Venue is proper in this court under 28 U.S.C. §§ 1408 and 1409.

4. The legal basis for relief includes 28 U.S.C. §§ 586(a)(3) and 1930(a)(6), 11 U.S.C. §§ 307 and 1112(b) and Fed. R. Bankr. P. 1017.

**FACTS**

5. In all, Mr. Francis has spent more than one year in bankruptcy since

he filed his first case in 1993.[1]  The automatic stay was in effect during that entire period.  *See* 11 U.S.C. § 362(c)(1) (providing that "the stay of an act against property of the estate . . . continues until such property is no longer property of the estate . . . .").  Mr. Francis never filed or confirmed a plan in any case.

6.  He filed a voluntary chapter 13 petition commencing this case on July 21, 2017.

7.  Three weeks later, the Court, in considering Mr. Francis' request to extend the automatic stay under 11 U.S.C. § 362(c)(3) *(Docket #18)*, observed that his secured debts exceeded $1,184,200 ceiling prescribed by 11 U.S.C. § 109(e).  *Docket #32*.  By order dated September 26, 2017, the Court granted Mr. Francis' motion to convert to chapter 11.  *Docket #s 43* and *46*.

8.  By order dated October 5, the Court directed him to file a disclosure statement and plan on or before January 26, 2018 at 4:30 p.m.  *Docket #60*.  He didn't.

9.  By order dated January 29, the Court again directed Mr. Francis to do so, this time by February 12.  *Docket #72*.

---

[1] *See* Case No. 93-13976-JNF (chapter 13, dismissed on motion of Northeast Savings, N.A.) (96 days).  Case No. 13-10770-FJB (chapter 11, dismissed for failure to file documents.  Motions for reconsideration denied) (101 days).  Case No. 17-11171-FJB (chapter 13, dismissed for failure to file documents) (100 days).  Case No. 17-12708-FJB (chapter 13, converted to chapter 11) (193 days as of January 30, 2018).

10. Mr. Francis has filed no MORs since converting.

11. He owes United States Trustee quarterly fees totaling at least $325. A reconciliation report quantifying the fees is attached hereto for all purposes as *Exhibit 1*.

12. In connection with Mr. Francis' Initial Debtor Interview ("IDI"), the United States Trustee requested that he produce documents, including six months of pre-petition bank statements, copies of his 2014, 2015 (and, when filed, 2016) federal and state tax returns and proof that he had opened a debtor-in-possession bank account. He has provided some of these documents.

I. ARGUMENT

    A. **The Court Should Convert Mr. Francis' Chapter 11 Case For "Cause" Under 11 U.S.C. § 1112(b)(4).**

        i. **The United States Trustee's Operating Guidelines.**

13. A debtor in possession must conduct his affairs subject to the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Guidelines issued by the United States Trustee. To assist debtors in possession in carrying out their statutory and fiduciary duties, the United States Trustee has published the Guidelines, which are provided to every chapter 11 debtor in possession. The version of the Guidelines effective June 1, 2016, is publicly available at

https://www.justice.gov/ust-regions-r01/region-1-general-information.

14. The Guidelines instruct a chapter 11 debtor to file monthly reports of income and expenses, receipts and disbursements and post-petition assets and liabilities, to provide evidence that he has insured all of his assets and operations, to close all pre-petition bank accounts and to use only debtor-in-possession bank accounts for all post-petition banking transactions. *Id*. A chapter 11 debtor must sign and return certain documents contained the Guidelines, including an acknowledgement that he has closed all pre-petition bank accounts.

### ii.    "Cause" exists under subsection (H).

15. Section 1112(b)(4)(H) provides that cause to convert a chapter 11 to chapter 7 exists when a debtor fails timely to provide information reasonably requested by the United States Trustee. This is established where, as here, the debtor fails to file MORs when due. 7 COLLIER ON BANKRUPTCY ¶ 1112.4[6][h] Alan N. Resnick & Henry J. Sommer, eds., 16th ed. rev. 2017) (collecting cases). *In re Andover Covered Bridge, LLC*, 553 B.R. 162, 173  (B.A.P. 1st Cir. 2016) (noting "Monthly reports and the financial disclosures contained within them are the life-blood of the Chapter 11 process and are more than mere busy work . . . Monthly operating reports provide necessary information to the Court, creditors, and other parties in interest about the progress and prospects of a debtor's

reorganization efforts . . . Consequently, refusal or inability to provide financial disclosure sounds the death knell of a Chapter 11 case . . . .") (internal punctuation and citations omitted).

16. Mr. Francis has filed no MORs since the conversion date. Without them, the United States Trustee can neither track his cash receipts and disbursements nor assess his post-petition solvency and ability to rehabilitate.

17. Mr. Francis also failed to provide the United States Trustee with additional information that he reasonably requested at the IDI. COLLIER at ¶ 1112.4[6][h].

18. Accordingly, the Court should convert Mr. Francis' chapter 11 case to chapter 7 for "cause" under 11 U.S.C. § 1112(b)(4)(H).

### iii. "Cause" exists under subsections (E) and (J).

19. Section 1112(b)(4)(E) provides that "cause" to convert a chapter 11 to chapter 7 exists when a debtor fails to comply with an order of the Court. Subsection 1112(b)(4)(J) provides that "cause" exists when a debtor fails to file a disclosure statement and plan by a Court-ordered deadline.

20. Cause under both subsections is established here, because Mr. Francis failed to file a plan and disclosure statement by the Court-ordered 4:30 p.m. January 26 deadline. *Docket #60.* COLLIER at ¶ 1112.4[6][e] and [j] (collecting

cases) ("The failure by any party in interest, including the debtor, to file a plan or disclosure statement, or confirm a plan, by a deadline set by the Code or by order of the court constitutes cause to convert or dismiss the case . . . ."). This failure required the Court to issue a second order. *Docket #72*.

21. Accordingly, the Court should convert Mr. Francis' chapter 11 case to chapter 7 for "cause" under 11 U.S.C. § 1112(b)(4)(E) and (J).

### iv. "Cause" exists under subsection (K).

22. Section 1112(b)(4)(K) provides that "cause" to convert a chapter 11 to chapter 7 exists when a debtor fails "to pay any fees or charges required under chapter 123 of title 28 . . . ." This is established where, as here, Mr. Francis has filed to pay United States Trustee quarterly fees totaling at least $325. 28 U.S.C. § 1930(a)(6). *Exhibit 1*. *See* COLLIER at ¶ 1112.4[6][h].

23. Accordingly, the Court should convert Mr. Francis' chapter 11 case to chapter 7 for "cause" under 11 U.S.C. § 1112(b)(4)(K).

### v. "Cause" exists for unreasonable delay.

24. Mr. Francis' failure to file a plan, or to demonstrate the prospect of confirming one, over four cases and more than one year constitutes unreasonable delay and, therefore, "cause" under 11 U.S.C. § 1112(b)(4) to convert his chapter 11 case to chapter 7. *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest*

*Associates, Ltd.*, 808 F.2d 363, 371 (5th Cir. 1987) *(en banc), aff'd* 484 U.S. 365 (1988) (noting that "[i]n the case of most Chapter 11 debtors . . . a plan of reorganization can be effectuated, if at all, within a matter of months, not years . . . The charge to the bankruptcy judge under §1112, then, is to evaluate each debtor's viability in light of the best interest of creditors and the estate . . . .").

### B.  Conversion Is In The Best Interest Of Creditors And The Estate.

25. The interests of creditors and the estate would best be served by conversion. 11 U.S.C. § 1112(b)(1). *See In re Andover Covered Bridge* at 178 (outlining 10 factors typically considered by courts in assessing best interests).

**REQUESTED RELIEF**

For these reasons, the United States Trustee requests that the Court enter orders: 1) converting Mr. Francis' chapter 11 case to chapter 7; and 2) granting him all such other and further legal and equitable relief to which he may be entitled.

                Respectfully submitted,

                WILLIAM K. HARRINGTON
                UNITED STATES TRUSTEE
                REGION 1

By:   */s/ Eric K. Bradford*
       Eric K. Bradford BBO#560231
       United States Department of Justice
       John W. McCormack Post Office & Courthouse
       5 Post Office Square, 10th Floor, Suite 1000
       Boston, MA 02109-3934
       PHONE:   (617) 788-0415
       FAX:       (617) 565-6368
       Eric.K.Bradford@USDOJ.gov

Dated: January 30, 2018.

# CERTIFICATE OF SERVICE

  I certify that on January 30, 2018, true and correct copies of the foregoing motion were served via CM/ECF only upon the individuals who have filed notices of appearance in the Court's CM/ECF database, including Mr. Francis' attorney, who is identified below.

              WILLIAM K. HARRINGTON
              UNITED STATES TRUSTEE
              REGION 1

      By:  */s/ Eric K. Bradford*
          Eric K. Bradford BBO#560231
          United States Department of Justice
          John W. McCormack Post Office & Courthouse
          5 Post Office Square, 10th Floor, Suite 1000
          Boston, MA 02109-3934
          PHONE: (617) 788-0415
          FAX:   (617) 565-6368
          Eric.K.Bradford@USDOJ.gov

Dated: January 30, 2018.

**BY CM/ECF:**

John Houton on behalf of Creditor City of Boston Treasury Department
John.Houton@cityofboston.gov

Richard T. Mulligan on behalf of Creditor CitiMortgage, Inc.
mabk@harmonlaw.com, rmulligan@ecf.courtdrive.com

Carmenelisa Perez-Kudzma on behalf of Debtor Paul Francis
carmenelisa@pklolaw.com, evan@pklolaw.com

Marcus Pratt on behalf of Creditor U.S. Bank National Association as Trustee for the Holders of the JPMorgan Alternative Loan Trust 2006-S3 Mortgage Pass-Through Certificates
bankruptcy@KORDEASSOC.COM