## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS (Boston)

| In Re: | Case Number 17-12708 |
|---|---|
| Paul Francis | Chapter 7 |

## RESPONSE TO MOTION OF U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RELIEF FROM THE AUTOMATIC STAY

Now comes Debtor and responds to U.S. Bank National Association as Trustee for J.P. Morgan Trust 2006-S3 Mortgage Pass-Through Certificates and/or its successors as follows:

1. **Admits.** The Debtor's Chapter 13 Petition was filed on July 21, 2017. The case was thereafter converted to a Chapter 11 Petition on September 26, 2017 and further converted to a Chapter 7 Petition on March 20, 2018.

2. **Admits.** The Property is encumbered by a first mortgage given by the Debtor and non-debtor, co-mortgagor Ruth Francis to Mortgage Electronic Registration Systems, Inc. acting solely as nominee for GreenPoint Mortgage Funding, Inc. (the "Mortgage"). Said Mortgage is dated May 5, 2006 and is recorded in Suffolk County Registry of Deeds in Book 39669, Page 169 (the "Mortgage"). A copy of the Mortgage is attached hereto and is marked Exhibit A. Secured Creditor is the current holder of the Mortgage.

3. **Admits.** Said Mortgage secures a promissory note given by the Debtor to GreenPoint Mortgage Funding, Inc. in the original principal amount of $388,800.00 (the "Note"). Secured Creditor or its custodian and/or agent is, as of the date hereof, in possession of the Note. Secured Creditor is an entity entitled to enforce the Note. A copy of the Note is attached hereto and is marked Exhibit B.

4. **Debtor cannot admit or deny this statement.** As stated above, the Mortgage was originally given to Mortgage Electronic Registration Systems,Inc. and was thereafter assigned to Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP FKA Countrywide Home Loans Servicing LP. A copy of said assignment is attached hereto

as <u>Exhibit C</u>. The Mortgage was further assigned from Bank of America, N.A., successor by merger to BAC Home Loans Servicing LP FKA Countrywide Home Loans Servicing LP to Secured Creditor. A copy of said assignment is attached hereto as <u>Exhibit D</u>. Ocwen Loan Servicing, LLC is the current servicer for this loan on behalf of Secured Creditor.

5. **Admits.** The amount owed on the Mortgage is approximately $407,184.63 including principal, interest (through April 16, 2018), late fees, and attorney fees and costs. The monthly payments are currently $1,664.74 and this Mortgage is now in arrears for failure to pay principal and interest. Mortgage payments are presently due for January 1, 2018 through and including April 1, 2018.

6. **Admits.** Upon information and belief, a Declaration of Homestead has not been recorded with respect to this property.

7. **Admits.** Upon information and belief, the Property is subject to the following encumbrances:

| Lien Holder | Type of Lien | Amount Owed | Priority |
| --- | --- | --- | --- |
| Secured Creditor | 1st Mortgage | $407,184.63 | n/a |
| U.S. Bank National Association c/o Ocwen Loan Servicing, LLC | Junior Mortgage | $40,365.54 | No |

Total: $447,550.17

8. **Admits.** According to the Debtor's Schedules the fair market value of the property is $518,500.00. For purposes of this Motion only, it is Secured Creditor's opinion that the liquidation value of the premises is $484,525.64 calculated as the fair market value less a reasonable realtor's fee (6%); deed stamps ($2,364.36); and anticipated closing costs incurred for a real estate closing ($500.00).

9. **Debtor takes notice.** Secured Creditor believes that the Debtor has some equity in the property based on the amount currently due Secured Creditor as described above totaling approximately $447,550.17 and the liquidation value of the Property.

10. **Admits.** There is no other collateral securing Debtor's obligation to Secured Creditor.

11. **Debtor takes notice. However, Debtor has comminited with lender regarding foreclosure alternatives.** This Motion is brought for cause under 11 U.S.C. § 362 given that, among other things, any protection Secured Creditor may have is quickly eroding and the Property is not necessary to an effective reorganization. Accordingly, Secured Creditor requests that this Court grant relief from the automatic stay in order to proceed with its applicable rights and remedies, including but not limited to a foreclosure sale on the premises and an eviction proceeding should Secured Creditor, or its successor in interest, become the successful bidder at a foreclosure sale.

12. **Debtor states that lender does not need relief to engage in foreclosre alternatives with Debtor.** Secured Creditor further seeks relief in order to, at its option, offer, provide and enter into any potential forbearance agreement, loan modification,refinance agreement or other

 loan workout/loss mitigation agreement.  Secured Creditor also requests that it be allowed to

contact the Debtor via telephone or written correspondence to offer such an agreement.  Any such

agreement shall be non-recourse unless included in a reaffirmation agreement.

**WHEREFORE**, Debtor requests that this Court denies the relief requested and for such further relief as this Court deems just and proper.

Dated:  May 2, 2018

Respectfully Submitted by
Debtor, Paul Francis
Through Counsel of Record,
 /s/ Carmenelisa Perez-Kudzma
Perez-Kudzma Law Office, P.C.
413 Boston Post Road Weston, MA 02493
978-505-3333
carmenelisa@pklolaw.com

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS (Boston)

| In Re: | Case Number 17-12708 |
| Paul Francis | Chapter 7 |

## CERTIFICATE OF SERVICE

I, Carmenelisa Perez-Kudzma hereby certify that on May 1, 2018 I electronically filed the foregoing response to *Motion for Relief* with the United States Bankruptcy Court for the District of MA using the CM/ECF System. I served the forgoing documents on the following CM/ECF participants:


John Fitzgerald, Assistant U.S. Trustee
John O. Desmond, Trustee
Carmenelisa Perez-Kudzma, Esquire

    I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non-CM/ECF participants:

    Tax Collector:
    City of Boston, MA
    One City Hall Square
    Boston, MA 02201

    U.S. Bank National Association
    c/o Ocwen Loan Servicing, LLC
    1661 Worthington Road, Suite 100
    West Palm Beach, FL 33409

    Julie A. Ranieri, Attorney for U.S. Bank National Association as Trustee for J.P. Morgan Alternative Loan Trust 2006-S3 Mortgage Pass-Through Certificates and/or its successors and assigns, MOVANT


    /s/Carmenelisa Perez-Kudzma