UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order

In Re: Paul Francis                                             Case/AP Number 17-12708 -FJB
                                                                Chapter 7

Rescheduled Hearing:
#161 Order to Show Cause dated 8/13/2018. THE DEBTOR IS HEREBY ORDERED TO SHOW CAUSE WHY
HE SHOULD NOT BE DENIED A DISCHARGE FOR REFUSAL TO OBEY A LAWFUL ORDER OF THE COURT.
(Perez-Kudzma, Carmenelisa, Counsel for Debtor)

**COURT ACTION:**

_____Hearing held

_____Granted       _____Approved       _____Moot

_____Denied        _____Denied without prejudice        _____Withdrawn in open court

_____Overruled     _____Sustained

_____Continued to _____

_____Proposed order to be submitted by _____

_____Stipulation to be submitted by_____

_____No appearance by _____

Show Cause Order       _____Released     _____Enforced

DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:

Hearing held. Upon consideration of the order to show cause, the debtor being present and
testifying at this hearing, and the undertakings of counsel, the Court finds that the Debtor
repeatedly ignored lawful orders of the Court, and therefore denies the Debtor a discharge.
Title 11 U.S.C. § 727(a)(6)(A) states that a court may deny a discharge if a debtor has refused
"to obey any lawful order of the court . . . ." In this district, "some degree of volition or
willfulness on the part of the debtor" is necessary to show a refusal. In re Tougas, 354 B.R.
572, 578 (Bankr. D. Mass. 2006). A debtor willfully refuses to obey a court order when he
avoids court mailings. See In re Araujo, 292 B.R. 19, 24 (Bankr. D. Conn. 2003) (denying
discharge after debtor failed to maintain a current mailing address with the court).

Here, the Debtor was ordered to submit statements of intent and of post-petition creditors on
March 20, 2018, July 5, 2018, and August 13, 2018. The Debtor failed and refused to timely
comply with each of these lawful orders of the Court. Finally, the debtor complied, but only on
September 21 and 23, 2018, respectively, just before the hearing on September 26, 2018.  His
counsel stated in the response to the order to show cause that "Debtor has not provided Counsel
with the statement of post-petition creditors or intent," placing the blame squarely on the
debtor. I have to assume that the blame is properly placed.

At the present hearing, the Debtor testified that he intended to comply with all orders, but
that he does not look at his mail. However, the Debtor cannot claim that these were innocent
omissions in light of this Court's repeated warnings to Debtor and his counsel. This Debtor,
after voluntarily filing a petition for relief, may not seek the benefits of bankruptcy while
ignoring his duty to respond timely to lawful orders of the Court. As Araujo makes clear,
avoidance of court mailings constitutes a willful refusal to comply. 292 B.R. at 24. The Court
finds that the Debtor's conscious practice of ignoring mail, addressed to the Debtor and marked
with the seal of this Court, warrants a denial of discharge under section 727(a)(6)(A). For the
aforementioned reasons, the Debtor's discharge is hereby denied.

IT IS SO ORDERED:

*/s/ Frank J. Bailey*

_____ Dated: 09/25/2018
Frank J. Bailey
United States Bankruptcy Judge