**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**EASTERN DIVISION**

| | |
|---|---|
| In re | Chapter 7 |
| Paul Francis, | Case No. 17-12708-FJB |
| Debtor. | |

**NOTICE OF INTENDED PRIVATE SALE OF ASSET,**
**SOLICITATION OF COUNTEROFFERS,**
**DEADLINE FOR SUBMITTING OBJECTIONS AND HIGHER OFFERS**
**AND HEARING DATE**

 August 6, 2019   **IS THE DATE OF THE HEARING ON THE PROPOSED SALE**

July 30, 2019     **IS THE DATE BY WHICH OBJECTIONS OR COUNTEROFFERS MUST BE MADE**

**NOTICE IS HEREBY GIVEN**, pursuant to 11 U.S.C. Section 363, Fed. R. Bankr. P. 2002(a)(2) and 6004, and MLBR 2002-5 and 6004-1, that the Trustee intends to sell at private sale the Trustee's right, title and interest in certain real property of the bankruptcy estate which is described below.

**ASSET TO BE SOLD:**

The asset to be sold consists of real property owned by the Debtor and his non debtor spouse Ruth Francis, located at 156 Norfolk Street, Dorchester, Massachusetts and further described in a deed dated April 21, 2006 and recorded at the Suffolk Registry of Deeds at Book 39446, Page 202 (the "Subject Real Estate").  The Bankruptcy Court entered a judgment authorizing the Trustee to sell the Subject Real Estate free and clear of Ruth Francis' interest in Adversary Proceeding no. 18-1041 on March 18, 2019.

**THE OFFER:**

The Trustee has entered into a Purchase and Sale Agreement, pursuant to which the Trustee intends to sell the Subject Real Estate to the proposed buyer identified below for the sum of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) (the "Purchase and Sale Agreement").  A copy of the Purchase and Sale Agreement is attached hereto as Exhibit A.

**THE PROPOSED BUYER:**

The proposed buyer is PCS Residential, LLC or its nominee (the "Proposed Buyer").  There is no relationship between the Proposed Buyer and the Trustee.

**THE SALE DATE:**

The closing shall take place within 15 days after the Bankruptcy Court's allowance of the Trustee's Motion for Authority to Sell By Private Sale Certain Property of the Bankruptcy Estate Subject to All Liens, Claims and Encumbrances (the "Sale Motion").  The Proposed Buyer has paid a deposit to the Trustee in the amount of FIFTY THOUSAND DOLLARS ($50,000.00).  The terms of the proposed sale are more particularly described in the Sale Motion filed with the Court on _____, and the Purchase and Sale Agreement dated _____, which is attached hereto as Exhibit A.  The Sale Motion and the Purchase and Sale Agreement are available at no charge upon request from the undersigned.

**SALE OF SUBJECT REAL ESTATE FREE AND CLEAR OF CERTAIN LIENS, CLAIMS AND ENCUMBRANCES:**

The Subject Real Estate will be sold free and clear of all liens, claims, encumbrances and interests, with such perfected, enforceable valid liens, claims, encumbrances and interests, if any, attaching to the proceeds of the sale to the extent and in the same order of priority as such liens, claims, encumbrances and interests attached to the Subject Real Estate pursuant to the state law.

**"AS IS" AND "WHERE IS":**

The Subject Real Estate is being sold "AS IS" and "WHERE IS" without any representations or warranties of any kind.  The Subject Real Estate is being sold without any representation or warranty, express or implied, including representations or warranties as to its condition, fitness for habitation, status of any tenants, conformity to any applicable state or local zoning, building, health and sanitary codes, or compliance with any federal, state or local environmental statutes, regulations, ordinances or by-laws including lead paint and smoke detector laws and regulations.  The Trustee makes no representation as to the existence of tenants at the Subject Real Estate and if any such tenants do exist, the status of said tenancies.  It shall be Buyer's sole responsibility to deal with and evict if necessary, any tenants at the Subject Real Estate.  The Trustee has not collected any rent or security deposits from any such tenants and makes no representations as to whether the Debtor and/or Ruth Francis has collected any rent or received any security deposits.

**COUNTEROFFERS OR OBJECTIONS:**

Any objections to the sale and/or higher offers must be filed in writing with the Clerk of Court, United States Bankruptcy Court for the District of Massachusetts, John W. McCormack Post Office and Courthouse, 5 Post Office Square, Suite 1150, Boston, Massachusetts 02109, on or before _____July 30,____, **2019** at _4:30 P.M.____.  A copy of any objection and/or higher offer also shall be served upon the undersigned.  Any objection to the sale must state with particularity the grounds for the objection and why the intended sale should not be authorized.

10066587v2

Any objection to the sale shall be governed by Fed. R. Bankr. P. 9014.

**Through this Notice, higher offers for the Subject Real Estate are hereby solicited. Any higher offer must be accompanied by a DEPOSIT IN THE AMOUNT FIFTY THOUSAND DOLLARS ($50,000.00) in the form of a certified or bank check made payable to "John O. Desmond, Chapter 7 Trustee." <u>Higher offers must be in the amount of at least $210,000.00 and must be on the same terms and conditions provided in the Purchase and Sale Agreement, other than the purchase price</u>.**

**HEARING:**

A hearing on the Sale Motion, objections or higher offers is scheduled to take place On_____August 6_____, 2019 at 10:30A.M. before the Honorable Frank J. Bailey, United States Bankruptcy Judge, at the United States Bankruptcy Court, John W. McCormack Post Office and Courthouse, 5 Post Office Square, 12th Floor, Boston, Massachusetts. Any party that has filed an objection or higher offer is expected to be present at the hearing, failing which the objection may be overruled or the higher offer stricken. The Court may take evidence at any hearing on approval of the sale to resolve issues of fact. If no objection to the Sale Motion or higher offer is timely filed, the Court, in its discretion, may cancel the scheduled hearing and approve the sale without hearing.

At the hearing on the sale the Court may (1) consider any requests to strike a higher offer, (2) determine further terms and conditions of the sale, (3) determine the requirements for further competitive bidding, and (4) require one or more rounds of sealed or open bids from the original offeror and any other qualifying offeror.

**DEPOSIT:**

The deposit will be forfeited to the bankruptcy estate if the successful purchaser fails to complete the sale within 15 days after the Bankruptcy Court's allowance of the Sale Motion. If the sale is not completed by the buyer approved by the Bankruptcy Court, the Trustee, without further hearing, may sell the Subject Real Estate to the next highest bidder.

Any questions concerning the intended sale shall be addressed to the undersigned.

                              Respectfully submitted,

                              **JOHN O. DESMOND, CHAPTER 7 TRUSTEE**
                              **OF THE ESTATE OF PAUL FRANCIS**

                              By his attorneys,

10066587v2

                                                */s/* Anthony R. Leone  
                                                Thomas S. Vangel – BBO #552386  
                                                Anthony R. Leone - BBO #681760  
                                                Murtha Cullina LLP  
                                                99 High Street  
                                                Boston, MA 02110-2320  
                                                Telephone:  617.457.4000  
                                                Facsimile:  617.482.3868  
                                                tvangel@murthalaw.com  
                                                aleone@murthalaw.com

Dated: July 3, 2019.

10066587v2