# Exhibit A
Purchase and Sale Agreement

## PURCHASE AND SALE AGREEMENT

AGREEMENT made as of this 18th day of June, 2019, by and between John O. Desmond, the duly-appointed Chapter 7 trustee of the bankruptcy estate of Paul Francis (the "Debtor"), Chapter 7 Case No. 17-12708-FJB (the "Seller" or the "Trustee") and PCS Residential, LLC (the "Buyer").

WHEREAS, on July 21, 2017, the Debtor filed a voluntary petition pursuant to Chapter 13 of the Bankruptcy Code (the "Petition Date"); and

WHEREAS, on September 26, 2017, the Court entered an order granting the Debtor's motion to convert the case to Chapter 11; and

WHEREAS, on March 20, 2018, the Court entered an order converting the case to Chapter 7; and

WHEREAS, on March 21, 2018, the Trustee was appointed as the Chapter 7 Trustee of the bankruptcy estate of the Debtor; and

WHEREAS, the Debtor and his spouse took title to 156 Norfolk Street, Dorchester, Massachusetts by a deed recorded with the Suffolk County Registry of Deeds in Book 39446, Page 202 (the "Subject Real Estate") as tenants by the entirety; and

WHEREAS, on April 10, 2018, the Trustee filed an adversary complaint against Ruth Francis, the non-debtor spouse, pursuant to Section 363(h) of the Bankruptcy Code (the "Adversary Complaint"); and

WHEREAS, on July 10, 2018, the Trustee filed a Motion for Summary Judgment concerning the Adversary Complaint and Ruth Francis filed an Opposition on August 19, 2018 and a hearing was held on the Trustee's Motion for Summary Judgment on August 30, 2018; and

10071620v1

WHEREAS, on March 18, 2019, the Court entered judgment in favor of the Trustee, determining that the Trustee may sell both the interests of the bankruptcy estate and Ruth Francis in the Subject Real Estate pursuant to Bankruptcy Code Section 363(h); and

WHEREAS, the Buyer wishes to purchase from the Trustee the Subject Real Estate.

NOW THEREFORE, the SELLER and BUYER agree as follows:

1. <u>Asset to be Transferred.</u> The Trustee agrees to sell and transfer, and the Buyer agrees to buy, subject to the conditions contained herein, the Subject Real Estate.

2. <u>Purchase Price.</u> The Buyer agrees to pay as a total purchase price for the Subject Real Estate the amount of TWO HUNDRED THOUSAND dollars and 00/100 ($200,000.00) in consideration of the sale and transfer of the Subject Real Estate (the "Purchase Price").

3. <u>Deposit.</u> The Buyer has paid herewith to the Seller the amount of $200,000 [handwritten: 20,000.00 JiC] as a deposit (the "Deposit"). The Seller will hold the Deposit in a non-interest bearing account pending court approval of the sale to the Buyer. At the closing, the Seller shall be entitled to release the Deposit in payment of the Purchase Price. The Deposit is refundable only if: (1) the Bankruptcy Court enters an order allowing the sale of the Subject Real Estate to a party other than the Buyer; (2) the Trustee sells the Subject Real Estate to a party other than the Buyer; (3) or the Trustee does not obtain authority from the Bankruptcy Court to sell the Subject Real Estate, or, having obtained authority, is unable to perform.

4. <u>Bankruptcy Court Approval.</u> The obligations of the Trustee to sell and transfer and the obligations of the Buyer to purchase are expressly conditioned upon the approval by the United States Bankruptcy Court of the Chapter 7 Trustee's Motion for Authority to Sell by Private Sale Certain Property Subject to Certain Liens, Claims and Encumbrances which will be filed in the Debtor's bankruptcy case (the "Motion to Sell"). The Buyer is aware that the Trustee

will provide advance notice of the Motion to Sell to all creditors and other entities selected by the Trustee, who in turn may object to this proposed sale or submit counteroffers. The Buyer understands that in the event the Trustee receives one or more higher counteroffers for the Subject Real Estate, a sealed bid auction, live auction or a combination of the two will be conducted at the Bankruptcy Court.

5. Closing. A closing shall take place at the office of Murtha Cullina LLP, 99 High Street, Boston, Massachusetts within 15 days after the entry of an Order approving the Trustee's Motion to Sell the Subject Real Estate unless an appeal has been filed and the Bankruptcy Court enters an order staying the sale (the "Closing") at a mutually convenient date and time.

6. Title Deed. The Subject Real Estate is to be conveyed by a good and sufficient fiduciary's deed running to the Buyer, or to a nominee designated by the Buyer by written notice to the Seller at least two (2) business days before the deed is to be delivered as herein provided.

7. Sale is Free and Clear of all Liens, Claims, Encumbrances and Interests. The Subject Real Estate will be sold free and clear of all liens, claims, encumbrances and interests with all liens, claims, encumbrances and interests attaching to the proceeds of the sale to the same extent and in the same order of priority as such liens, claims, encumbrances and interests attached to the Subject Real Estate pursuant to state law.

8. Representations and Warranties. The Subject Real Estate is being sold "AS IS" and "WHERE IS" without any representations or warranties of any kind. The Subject Real Estate is being sold without any representation or warranty, express or implied, including representations or warranties as to its condition, fitness for habitation, status of any tenants, conformity to any applicable state or local zoning, building, health and sanitary codes, or compliance with any federal, state or local environmental statutes, regulations, ordinances or by-

10071620v1

3

laws including lead paint and smoke detector laws and regulations. The Trustee makes no representation as to the existence of tenants at the Subject Real Estate and if any such tenants do exist, the status of said tenancies. It shall be Buyer's sole responsibility to deal with and evict if necessary, any tenants at the Subject Real Estate. The Trustee has not collected any rent or security deposits from any such tenants and makes no representations as to whether the Debtor and/or Ruth Francis has collected any rent or received any security deposits.

9. Acceptance of Deed. The acceptance and recording of a deed by the Buyer or his nominee as the case may be, shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed, except such as are, by the terms hereof, to be performed after the delivery of said deed.

10. Closing Costs. The Trustee shall pay (a) Municipal taxes and any water, sewer and other utility charges owed to City of Boston which shall be prorated as of the Closing and (b) deed stamps payable to the Registry of Deeds. Buyer shall pay all other recording fees and costs at closing.

11. Buyer's Default. If the Buyer shall fail to fulfill his obligations herein, all deposits made hereunder by the Buyer shall be retained by the Seller as liquidated damages and this shall be Seller's sole and exclusive remedy in both equity and at law.

12. Contingencies. There are no contingencies to the sale of the Subject Real Estate other than Bankruptcy Court approval of the Motion to Sell the Subject Real Estate to the Buyer.

13. Nonrecourse. The Trustee is executing this Agreement in a fiduciary capacity; only the bankruptcy estate shall be bound, and the Trustee shall not be personally liable for any obligation, expressed or implied, hereunder. Buyer shall indemnify and hold the Trustee

4

10071620v1

Case 17-12708    Doc 209    Filed 07/03/19    Entered 07/03/19 11:33:03    Desc Main
                            Document      Page 6 of 8

harmless from any claim, damage, fine, assessment, and liability asserted against the Trustee after the Closing arising from the Subject Real Estate.

14. <u>Modification</u>. This Agreement contains the entire agreement of the parties and may be amended only by written instrument signed by the parties.

15. <u>Assignment</u>. The Buyer may assign its rights and obligations under this Agreement to a nominee entity as provided above without the need of further approval from the Trustee or the Bankruptcy Court.

16. <u>Entire Agreement</u>. This Agreement shall constitute the complete agreement and understanding of the parties hereto with respect to the transactions contemplated hereby and supersedes all prior agreements and understandings, written or oral, and may be amended only by written instrument signed by both of them. To the extent that there is any conflict between the terms of the Notice of Sale served in accordance with Section 363 of the Bankruptcy Code and this Agreement, the terms of this Agreement shall control. This Agreement shall be construed in accordance with the laws of the Commonwealth of Massachusetts and Title 11 of the United States Code.

17. <u>Authority of Parties</u>. Each of the undersigned parties represents and warrants that: (i) it has all necessary power and authority to execute and deliver this Agreement and to perform its respective obligations hereunder; (ii) this Agreement has been duly and validly delivered, and constitutes a legal, valid and binding obligation; and (iii) except for approval of the Bankruptcy Court, no authorization, consent, approval or other action is or will be necessary as a condition to execution and delivery of this Agreement and the performance of the obligations hereunder.

5

10071620v1

18. <u>Execution in Counterparts</u>. For the convenience of the parties and to facilitate execution, this Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same document.

19. <u>Advice of Counsel</u>. The Buyer confirms that he has obtained the advice of counsel of its choice in connection with the execution of this Agreement.

IN WITNESS WHEREOF, the parties have executed this Agreement in two counterparts on the day and year first above written.

The Buyer hereby agrees to purchase on the terms set forth above.

_____        _____
Witness                                Buyer:

The Trustee agrees to sell and transfer on the terms set forth above.

_____        _____
Witness                                John O. Desmond, Chapter 7 Trustee
                                       for the Bankruptcy Estate of Paul Francis
                                       and not personally

IN WITNESS WHEREOF, the parties have executed this Agreement in two counterparts on the day and year first above written.

The Buyer hereby agrees to purchase on the terms set forth above.

_____                    _____
Witness                                            Buyer:

The Trustee agrees to sell and transfer on the terms set forth above.

_____                    _____
Witness                                            John O. Desmond, Chapter 7 Trustee
*Barry R. Levine*                                  for the Bankruptcy Estate of Paul Francis
                                                   and not personally         7/3/19