UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| PAUL FRANCIS, ) | CHAPTER 7 |
| ) | CASE NO. 17-12708-FJB |
| Debtor. ) | |

### ORDER APPROVING CHAPTER 7 TRUSTEE'S MOTION FOR AUTHORITY TO SELL BY PRIVATE SALE A CERTAIN ASSET OF THE BANKRUPTCY ESTATE FREE AND CLEAR OF ALL LIENS

The Chapter 7 Trustee's Motion to Sell by Private Sale a Certain Asset of the Bankruptcy Estate Free and Clear of All Liens [Docket 208] (the "Motion for Private Sale")[1], having been brought before me, due and sufficient notice of the Motion for Private Sale and the sale of the 156 Norfolk Street, Dorchester, Massachusetts as more particularly described in a deed recorded with the Suffolk County Registry of Deeds in Book 39446, Page 202 (the "Subject Real Estate") having been given to all parties in interest, any objections to the Motion for Private Sale having been overruled, and for good and adequate cause shown, the Court allows the Motion for Private Sale and by this Order:

It is hereby found that:

1. This Court has jurisdiction to hear and determine the Motion for Private Sale pursuant to 28 U.S.C. § 1334.

2. Proper, timely, adequate and sufficient notice of the Motion for Private Sale has been provided in accordance with Section 363 of the Bankruptcy Code and Bankruptcy Rules

10168969v1

2002, 6004, and 9006 and no other further notice of the Motion for Private Sale or entry of this order is required.

3. Approval of the Motion for Private Sale and consummation of the sale of the Subject Real Estate is in the best interest of the Debtor's estate and its creditors.

4. The consideration paid by the Buyer (as defined below) for the Subject Real Estate constitutes reasonably equivalent value and fair consideration under the relevant provisions of the Bankruptcy Code and applicable state law.

5. The Chapter 7 Trustee has full power and authority to execute and deliver the Purchase and Sale Agreement by and between John O. Desmond as Chapter 7 Trustee and the Buyer (as defined below), and to perform the transaction contemplated thereby and no consents or approvals, other than those expressly provided for in the Purchase and Sale Agreement are required for the Chapter 7 Trustee to consummate the transactions contemplated by the Purchase and Sale Agreement.

6. On March 18, 2019, the Court entered judgment in favor of the Trustee, determining that the Trustee may sell both the interests of the bankruptcy estate and Ruth Francis in the Subject Real Estate pursuant to Bankruptcy Code Section 363(h) (the "Judgment").

7. The Chapter 7 Trustee has good title to the Debtor's 50% interest in the Subject Real Estate and is authorized to transfer the remaining 50% interest held by the Debtor's wife, Ruth Francis, to the Buyer pursuant to the terms of the Judgment and this Order. The execution of a deed by the Trustee pursuant to the terms of the Purchase and Sale Agreement will be a legal, valid and effective transfer of the Subject Real Estate.

---

[1] All capitalized terms shall have the same meaning as indicated in the Motion for Private Sale.

10168969v1

8. The transactions contemplated by the Purchase and Sale Agreement were undertaken by the Trustee and the Buyer in good faith as that term is defined in Section 363(m) of the Bankruptcy Code, and the Buyer is entitled to the protections of a good faith purchaser pursuant to section 363(m) of the Bankruptcy Code with respect to the transactions approved hereby.

It is HEREBY ORDERED that:

A. The Motion for Private Sale is ALLOWED.

B. The Trustee is authorized and directed to sell, pursuant to the terms of the Purchase and Sale Agreement, the real estate known and numbered as 156 Norfolk Street, Dorchester, Massachusetts and more particularly described in a deed recorded with the Suffolk County Registry of Deeds in Book 39446, Page 202 ("the Subject Real Estate") to _PCS Residential, LLC_ (the "Buyer") for the purchase price of $_275,000_ (the "Purchase Price").

C. The sale of the Subject Real Estate shall be free and clear of all liens, claims, encumbrances, leases and other interests with all valid liens, claims, encumbrances, leases and other interests attaching to the proceeds of the sale in the order provided by applicable state law and otherwise provided herein.

D. All persons and entities holding encumbrances of any kind and nature with respect to the Subject Real Estate are hereby barred from asserting such encumbrances of any kind and nature against Buyer, its successors or assigns, or the Subject Real Estate.

E. The Trustee shall be permitted to use the proceeds of the sale first to pay any (a) municipal taxes and any water, sewer and other utility charges owed to City of Boston, (b)

capital gains taxes (if any) arising from the sale of the Subject Real Estate, (c) customary closing costs including but not limited to deed stamps; and (d) a commission of 10% of the first fifty thousand ($50,000) realized in excess of the amount of encumbrances, plus 2.5% of the balance of the equity to Paul E. Saperstein & Co., Inc. (the "Auctioneer") since the Auctioneer was responsible for attracting the buyer to the auction.

F. Once the Trustee has paid all of the expenses identified in paragraph E above, the Trustee shall be permitted to pay from the remaining proceeds 50% of said remaining proceeds after payment of any liens of records against Ruth Francis' interest in the subject Real Estate as of the Closing Date in full satisfaction of Ruth Francis' interest as a tenant by the entirety in the Subject Real Estate pursuant to section 363(j) of the Bankruptcy Code.

SO ORDERED, AT BOSTON, MASSACHUSETTS, THIS 6th DAY OF AUGUST, 2019.

FRANK J. BAILEY
UNITED STATES BANKRUPTCY COURT JUDGE

10168969v1